■ In the Matter of EDWIN RIVERA, Respondent, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Appellant. — Judgment affirmed. Memorandum: We agree that there should be an affirmance under the limited circumstances described in the decision at Special Term (Conable, J.). We do not find *Madyun v Franzen* (704 F2d 954) to be controlling here. That case arose in Illinois and the decision was based solely on Federal constitutional law. In New York, in addition to the Federal Constitution, a prisoner's religious freedom is secured by section 3 of article I of the New York State Constitution and by section 610 of the Correction Law (see, generally, *Matter of Brown v McGinnis,* 10 NY2d 531, upholding the right of a Muslim inmate to exercise his religion under section 610 of the Correction Law and under the New York State Constitution). Our reading of these provisions as evincing greater concern for religious freedom than may be found in certain other jurisdictions seems consistent with the thrust of recent decisions in the Second Circuit of the United States Court of Appeals (see, e.g., *Moorish Science Temple v Smith,* 693 F2d 987, 990, to the effect that allegations that an inmate was refused a diet that would comport with his Muslim faith raises constitutional issues sufficient to withstand dismissal; *Mawhinney v Henderson,* 542 F2d 1, 3, stating that an inmate's claim of denial of access to religious services

may be a basis for relief; *Burgin v Henderson,* 536 F2d 501, 503, 504, remanding for a hearing where Muslim prisoners claimed they were denied their right to wear beards and prayer hats in accordance with their religious beliefs). All concur, except Boomer and Moule, JJ., who dissent and vote to reverse and dismiss the petition, in the following memorandum.

Boomer and Moule, JJ. (dissenting). In our view there are no special circumstances to except this case from the general rule that all inmates, even those with religious objections, are subject to frisk searches by correction officers of the opposite sex (see *Madyun v Franzen,* 704 F2d 954). The mere presence of a male correction officer during the random pat search of petitioner does not render this otherwise lawful search repugnant to either section 610 of the Correction Law or section 3 of article I of the New York Constitution. The lawfulness of such a search should not depend upon whether the officer has reasonable cause to believe that the inmate possesses contraband or that emergency circumstances justify the search. "The state has a substantial interest in having its women guards perform frisk searches on male inmates. Clearly frisk searches are an integral part of prison security and an important part of a prison guard's duties" (*Madyun v Franzen,* 704 F2d 954, 960, *supra;* cf., also, *Matter of Brown v McGinnis,* 10 NY2d 531). (Appeal from judgment of Supreme Court, Wyoming County, Conable, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ. [118 Misc 2d 921.]